IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **RICK GANDY,**<br><br>*Plaintiff*,<br><br>v.<br><br>**RWLS, LLC d/b/a RENEGADE SERVICES, and MATTHEW GRAY, individually,**<br><br>*Defendants*. | Civil Action No. 1:17-cv-558<br><br>**ORIGINAL CLASS ACTION COMPLAINT** |

## ORIGINAL CLASS ACTION COMPLAINT

1. Rick Gandy ("Plaintiff") brings this class action individually and on behalf of the below-defined NM Class Members against RWLS, LLC d/b/a Renegade Services and its president Matthew Gray (collectively, "Defendants").

### I.     NATURE OF SUIT

2. Defendants provide wireline and other oilfield services to oil and gas industry customers in New Mexico. Defendants employed Plaintiff and the NM Class Members to perform manual and technical labor in providing Defendants' products and services for customers at job sites throughout New Mexico ("Field Employees") over the last three years.

3. Defendants have violated the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) ("NM Wage Law") by classifying Plaintiff and the NM Class Members as exempt from overtime and paying them on a salary or salary plus non-discretionary bonus basis without overtime compensation despite Plaintiff and the NM Class Members regularly working over 40 hours per week.

## II.     PARTIES

4.     Plaintiff worked for Defendants as a Field Employee, specifically as an operator and rigger, in New Mexico from approximately November 2014 to June 2015. During his employment, Plaintiff reported to Defendants' Hobbs, New Mexico location. The work Plaintiff performed in this District serves as the basis for his NM Wage Law claims.

5.     Plaintiff brings his NM Wage Law Claim as a Rule 23 class action on behalf of the "NM Class Members." The NM Class Members consist of all of Defendants' Field Employees who received pay on a salary or salary plus non-discretionary bonus basis who worked in excess of 40 hours in at least one workweek in New Mexico over the past three years. The definition specifically includes, but is not limited to, operators' helpers, junior operators, operators, lead operators, senior operators, riggers, laborers, drivers, explosives handlers, floor hands, riggers, hands, junior engineers, engineers in training, relief engineers, engineers, and gun loaders.

6.     Defendant RWLS, LLC d/b/a Renegade Services ("Renegade") is an oilfield service company that provides wireline and other oilfield services to customers throughout this District. Renegade is headquartered in Levelland, Texas. Defendants maintained an office in this District during the relevant time period and continue to maintain an office location in Hobbs, New Mexico. Renegade may be served with process through its agent for service of process, Matthew Gray, at 1937 West Avenue, Levelland, Texas 79336 or wherever he may be found.

7.     Defendant Matthew Gray ("Gray") has been the president of Renegade throughout the relevant time period. He may be served at 14 Crocket Circle Levelland, Texas 79336 or wherever he may be found.

### III.   JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the claims made in this complaint pursuant to 28 U.S.C. § 1332(d) because: (1) this case involves over 100 NM Class Members; (2) the NM Class Members' total claims exceed $5,000,000 in the aggregate, exclusive of costs or interest; and (3) at least one NM Class Member is a citizen from a different state than Defendant(s).

9. Venue is proper in this jurisdiction because Plaintiff and the NM Class Members worked in this jurisdiction and the events giving rise to the violation of the NM Wage Law occurred in this jurisdiction.

### IV.   NM WAGE LAW COVERAGE FACTS

10. At all relevant times, Defendants acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the NM Class Members.

11. At all relevant times, Defendants constituted employers or joint employers within the meaning of NM Wage Law and specifically NM STAT ANN. § 50-4-21(B).

12. At all relevant times, Plaintiff and the NM Class Members constituted employees employed by an employer as the term "employee" is understood under NM STAT ANN. § 50-4-21(C).

### V.   FACTUAL ALLEGATIONS

13. Defendants have continuously conducted business and maintained an office in this judicial district at all relevant times over the last three years.

14. Gray is the president of Renegade and has joint employer liability based on his exertion of operational control over Renegade over the past three years.

15. Gray has exerted operational control over Renegade throughout the relevant time period by making hiring and firing decisions, establishing pay rates, determining methods of payment and compensation policies and practices, and controlling/establishing company rules.

16. Gray has responsibility for the specific NM Wage Law violations at issue. Specifically, Gray: (1) implemented and enforced the illegal misclassification policy at issue; (2) instructed Plaintiff and the NM Class Members that they did not have to clock-in when they reported for work; (3) failed to keep proper employment records for Plaintiff and the NM Class Members; and (4) failed to keep any proper time records for the hours worked by Plaintiff and the NM Class Members during their employment.

17. Plaintiff worked as a Field Employee, and specifically as a Rigger/Operator for Defendants from approximately November 2014 to June 2015.

18. As a Field Employee, Plaintiff's primary job duties consisted of performing technical and manual labor to provide Defendants' products and services for customers at job sites.

19. Plaintiff's job duties did not include performance of non-manual work related to the management of Renegade's business.

20. Plaintiff's job duties were routine and rote and did not include the exercise of discretion.

21. Plaintiff's job duties did not include managerial responsibilities.

22. Plaintiff did not have the authority to hire or fire other employees.

23. Plaintiff did not have the responsibility to make hiring or firing recommendations.

24. Defendants regularly scheduled Plaintiff to work for a minimum of twelve (12) hours per day and a minimum of eighty-four (84) hours per week during his employment.

25. Despite Plaintiff routinely working over 80 hours per week, Defendants failed to pay him any overtime premium for all hours worked in excess of 40 per workweek during the time period Plaintiff received compensation on a salary or salary plus non-discretionary bonus basis.

26. Instead of providing Plaintiff with overtime pay, Defendants misclassified Plaintiff as exempt and paid him on a salary or salary-plus-bonus basis with no overtime pay for his many hours of overtime work.

27. Defendants knew that Plaintiff regularly worked in excess of 40 hours per week.

28. Plaintiff is entitled to receive overtime pay for all hours worked in excess of 40 per workweek.

29. During the three years prior to the filing of this Complaint, Defendants employed other NM Class Members as Field Employees.

30. As Field Employees, the NM Class Members' primary job duties consisted of performing technical and manual labor to provide Defendants' products and services for customers at job sites.

31. The NM Class Members' job duties did not include performance of non-manual work related to the management of Renegade's business.

32. The NM Class Members' job duties were routine and rote and did not include the exercise of discretion.

33. The NM Class Members' job duties did not include managerial responsibilities.

34. The NM Class Members did not have the authority to hire or fire other employees.

35. The NM Class Members did not have the responsibility to make hiring or firing recommendations.

36. Defendants regularly scheduled the Class Members to work for a minimum of twelve (12) hours per day and a minimum of eighty-four (84) hours per week.

37. Despite the NM Class Members routinely working over 40 hours per week, Defendants failed to pay the NM Class Members any overtime premium for all hours worked in

excess of 40 per workweek during the time period the NM Class Members received compensation on a salary or salary-plus-bonus basis.

38. Instead of paying the NM Class Members overtime, Defendants misclassified the NM Class Members as exempt and paid them on a salary or salary-plus-bonus basis with no overtime pay for their many hours of overtime work.

39. Defendants knew that the NM Class Members worked in excess of 40 hours per week.

40. The NM Class Members are entitled to receive overtime pay for all the hours they worked in excess of 40 per workweek.

## VI. NEW MEXICO CLASS ACTION ALLEGATIONS

41. Plaintiff incorporates all allegations previously made in this Complaint.

42. Plaintiff brings his class action on behalf of the respective NM Class Members.

43. The NM Class Members are so numerous that their joinder is impracticable.

44. While the precise number of the NM Class Members is unknown, at least 100 NM Class Members worked for Defendants at least one workweek of more than 40 hours in New Mexico over the past three years.

45. Plaintiff's claims are typical of the NM Class Members.

46. Plaintiff and the NM Class Members were responsible for performing manual and technical labor to provide Defendants' products and services for customers at job sites.

47. Plaintiff and the Class Members were classified as exempt from overtime.

48. Plaintiff and the Class Members were paid on a salary or salary-plus-bonus basis.

49. Plaintiff and the Class Members worked for over 40 hours in at least one workweek in New Mexico during the last three years.

50. Plaintiff and the Class Members were denied overtime at a rate of one-and-one-half times their regular rate for all overtime hours worked.

51. Common questions of law and fact for the NM Class Members predominate over any questions affecting any individual member, including:

   a. Whether Defendants violated NM Wage Law by failing to pay the NM Class Members overtime compensation at a rate of time-and-one-half for all hours worked in excess of 40 in an individual workweek;

   b. Whether Defendants violated NM Wage Law by misclassifying the NM Class Members as exempt from overtime;

   c. The proper measure of damages sustained by the respective NM Class Members; and

   d. Whether Defendants should be enjoined for such violations in the future.

Plaintiff will fairly and adequately protect the NM Class Members' interests and has retained counsel experienced in complex wage and hour class litigation.

52. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2). Defendants acted or refused to act on grounds generally applicable to the NM Class Members. Final injunctive and/or declaratory relief is appropriate to the NM Class Members as a whole.

53. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3): (1) questions of law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices, including the failure to pay overtime to the NM Class Members. No apparent difficulties exist in managing this class action. Plaintiff

intends to send notice to the Rule 23 NM Class Members to the extent required by Fed. R. Civ. 23(c).

## VII. VIOLATION OF NM WAGE LAW

54. Plaintiff incorporates all allegations previously made in this Complaint.

55. Plaintiff and the NM Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D). During the relevant time period, Defendants violated and continue to violate NM Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the NM Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiff and the NM Class Members are entitled to their unpaid wages, an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under NM Wage Law. Moreover, Plaintiff requests that this lawsuit encompass all violations that occurred as a part of Defendants' continued course of conduct regardless of the date on which they occurred.

## VIII. RELIEF SOUGHT

56. Plaintiff prays for the following relief against Defendants on an individual and representative basis on behalf of the NM Class Members:

   a. For an Order certifying his NM Wage Law claim as Class Action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representative under NM Wage Law, and for designation of Plaintiff's counsel as class counsel;

   b. For Judgment that Defendants violated NM Wage Law by failing to pay Plaintiff and the NM Class Members overtime compensation;

    c.    For an Order awarding Plaintiff and the NM Class Members all unpaid overtime compensations, an amount equal to twice their unpaid wages as liquidated damages, prejudgment interest, and all available penalty wages under NM Wage Law;

    d.    For all costs and attorneys' fees incurred prosecuting this claim, as allowed by law; and

    e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ J. Derek Braziel*
**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**J. FORESTER**
Texas Bar No. 24087532
forester@l-b-law.com
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621
jack@siegellawgroup.biz
Siegel Law Group, PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 749-1400
www.siegellawgroup.biz

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

/s/ J. Derek Braziel
**J. DEREK BRAZIEL**