**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RICK GANDY,

        Plaintiff,

v.                                         CV No. 17-558 JCH/CG

RWLS, LLC, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's *Motion in Support of Rule 23 Class Certification* ("Motion to Certify Class" or "Motion"), (Doc. 47), filed April 19, 2018, and *Defendants' Response in Opposition to Plaintiff's Motion in Support of Rule 23 Class Certification*, (Doc. 53), filed May 31, 2018. This matter is also before the Court on *Defendants' Motion to Strike Part of Plaintiff's Motion in Support of Rule 23 Class Certification* ("Motion to Strike"), (Doc. 52), filed May 31, 2018. Plaintiff did not file a response to this motion and the time for doing so has passed. In addition, this matter is before the Court on Plaintiff's *Opposed Motion for Leave to File 1-Day Late Reply in Support of Class Certification* ("Motion to File Late Reply"), (Doc. 58), filed July 6, 2018; *Defendants' Response in Opposition to Plaintiff's Motion for Leave to File 1-Day Late Reply in Support of Class Certification*, (Doc. 60), filed July 10, 2018; and Plaintiff's *Reply in Support of Opposed Motion for Leave to File 1-Day Late Reply in Support of Class Certification*, (Doc. 61), filed July 23, 2018.

Having considered the briefs, the record of the case, and the relevant law, *Defendants' Motion to Strike Part of Plaintiff's Motion in Support of Rule 23 Class Certification*, (Doc. 52), is **GRANTED IN PART**; Plaintiff's *Opposed Motion for Leave to*

*File 1-Day Late Reply in Support of Class Certification*, (Doc. 58), is **GRANTED**; and

Plaintiff's *Motion in Support of Rule 23 Class Certification*, (Doc. 47), is **DENIED**.

## I. Background

Defendant RWLS, LLC, is an oilfield service company headquartered in Texas

that provides ballistic and other oilfield services to customers in Texas, Oklahoma, New

Mexico, Louisiana, Mississippi, and Pennsylvania. (Doc. 1 at 1); (Doc 53 at 2-3). Plaintiff

worked for Defendants in New Mexico as an operator and rigger from October 27, 2014

to June 19, 2015. (Doc. 1 at 2); (Doc. 53 at 3). Plaintiff was paid on a salary plus bonus

basis until December 1, 2014, when he was changed to an hourly employee. (Doc. 53

at 3).

On May 16, 2017, Plaintiff filed his Complaint as a class action under Federal

Rule of Civil Procedure 23 on behalf of "all of Defendants' Field Employees who

received pay on a salary or salary plus non-discretionary bonus basis who worked in

excess of 40 hours in at least one workweek in New Mexico over the past three years."

(Doc. 1 at 2). Plaintiff claims Defendants misclassified him and other employees as

exempt from overtime and paid them on a salary plus bonus basis without overtime

compensation in violation of the New Mexico Minimum Wage Act ("NMMWA"), N.M.S.A.

§ 50-4-22. *Id.* at 1.

Defendants filed a motion to dismiss Plaintiff's Complaint, arguing: (1) Plaintiff

failed to plead sufficient facts to support a reasonable inference that Plaintiff received

less than the overtime pay he was due; and (2) this case cannot proceed as a matter of

law as a Rule 23 class action, but must proceed as a collective action under the Fair

Labor Standards Act ("FLSA"). (Doc. 12). On April 23, 2018, the Court denied

Defendants' motion to dismiss, finding that Plaintiff sufficiently stated a claim for failure to pay overtime as required by the NMMWA, and that Rule 23 applies to Plaintiff's NMMWA claim brought on behalf of himself and the proposed class members. (Doc. 48). While Defendants' motion to dismiss was pending, the Court entered a bifurcated scheduling order, setting deadlines for discovery related to class certification and a briefing schedule for a class certification motion. (Doc. 28)

In his Motion to Certify Class, Plaintiff asks the Court to certify a class of Defendants' employees who were misclassified as exempt from the NMMWA's overtime provision. (Doc. 47 at 3). In support, Plaintiff contends the proposed class satisfies all four prongs of Rule 23(a) and satisfies the predominance and superiority requirements of Rule 23(b)(3). *Id.* at 21-35. Defendants oppose the Motion, arguing that Plaintiff has not satisfied any of the four prongs of Rule 23(a) and that the class does not satisfy Rule 23(b)(3) because individual issues predominate over common issues and a class action is not the superior method to adjudicate this lawsuit. (Doc. 53 at 6-24).

## II. **Legal Standard**

### A. *Federal Rule of Civil Procedure 23*

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (citation omitted). The party moving for class certification must clearly satisfy the four requirements of Rule 23(a) and at least one of the three categories of classes described in Rule 23(b). *See Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006). A court has broad discretion in determining whether to certify a class under Rule 23. *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 564 U.S.

455, 465-66 (2013). In considering a class certification motion, the court must conduct a rigorous analysis that may overlap with the merits of the movant's underlying claims. *Rector v. City & Cty. of Denver*, 348 F.3d 935, 949 (10th Cir. 2003). In addition, the Tenth Circuit has held that district courts should apply a "strict burden of proof" to class certification issues. *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, 725 F.3d 1213, 1218 (10th Cir. 2013). Therefore, the party moving for class certification may not merely allege that the Rule 23 prerequisites are met; instead the party must "affirmatively demonstrate" that the prerequisites exist "in fact." *Wal-Mart Stores*, 564 U.S. at 351 ("Rule 23 does not set forth a mere pleading standard.").

### B. New Mexico Minimum Wage Act

The NMMWA provides in relevant part that "[a]n employee shall not be required to work more than forty hours in any week of seven days, unless the employee is paid one and one-half times the employee's regular hourly rate of pay for all hours worked in excess of forty hours." N.M.S.A. § 50-4-22(D). The NMMWA does not specifically define "employee," but provides a list of workers who do not fall within its definition of "employee." § 50-4-21(C). Defendants contend the administrative, executive, and piecework/flat-rate exemptions, § 50-4-21(C)(2) and (5), apply to the proposed class members. (Doc. 53 at 11-19).

### III. Analysis

### A. Defendants' Motion to Strike

In their Motion to Strike, Defendants state that Plaintiff's Motion to Certify Class exceeds the number of pages allowed by Local Rule 7.5 and Plaintiff did not obtain leave of court to extend the length of his Motion. (Doc. 52 at 1). Defendants ask the

Court to either strike the eight pages that exceed the allowable page limit, or not consider those pages when rendering its decision. *Id.* In addition, Defendants ask the Court to strike Plaintiff's reference to a YouTube video in the Motion to Certify Class. *Id.* at 1-2; (Doc. 47 at 15). Defendants state the video "is unsubstantiated, lacks credibility, and Plaintiff has established no foundation regarding its authenticity or accuracy." (Doc. 52 at 2).

Plaintiff did not respond to Defendants' Motion to Strike, which constitutes consent to grant the motion. D.N.M. LR-Civ. 7.1(b). Nevertheless, the Court declines to exercise its discretion to strike pages 28-35 of Plaintiff's Motion to Certify Class. *See In re Hopkins*, 1998 WL 704710, at *3, n.6 (10th Cir. Oct. 5, 1998) (unpublished) (explaining it is within the Court's discretion to strike a filing that is not allowed by the Court's local rules). The eight pages at issue include Plaintiff's reasoning as to why the proposed class satisfies Rules 23(a) and 23(b)(3) and are therefore essential to the Court's consideration of Plaintiff's Motion. Moreover, Defendants do not identify any prejudice from the extra pages and, had Plaintiff requested leave to exceed the page limitations, the Court sees no reason why that request would not have been granted. For these reasons, the Court will deny Defendants' Motion to Strike as to the excess pages in Plaintiff's Motion to Certify Class.

Regarding the YouTube video, the Court agrees with Defendants that Plaintiff failed to establish a foundation regarding the video's authenticity or accuracy. In his Motion to Certify Class, Plaintiff "invites the Court to watch a video of wireline operations to understand the technical and manual duties that all Field Employees perform at jobsites." (Doc. 47 at 15). Defendants contend this video was uploaded by an unknown

person, was not recorded by Plaintiff, and does not document services performed by Defendants or any of their employees. (Doc. 52 at 2). Plaintiff does not dispute these assertions. Therefore, the Court will grant Defendants' Motion to Strike as to the video and the Court will not rely on the video in making its decision.

    B. *Plaintiff's Motion to File Late Reply*

After receiving two extensions of time, (Docs. 44 and 46), Plaintiff's reply to his Motion to Certify Class was due on July 5, 2018, (Doc. 57). On July 6, 2018, Plaintiff filed his opposed Motion to File Late Reply, asking the Court to allow him to file his Reply one day late and attaching his Reply to the motion. (Doc. 58 at 1); (Doc 58-1). Plaintiff states that when he filed his Motion to Certify Class, he did not know what defenses Defendants would assert because Defendants had not yet filed their Answer to the Complaint. *Id.* at 1-2. Plaintiff states he was unable to properly gauge how long it would take him to prepare his Reply because "the additional defenses—including the statute of limitations and administrative exemptions—asserted in the Response took more time than anticipated." *Id.* at 3. In addition, Plaintiff contends he did not have an opportunity to engage in discovery regarding Defendants' affirmative defenses because they were asserted after he filed his Motion to Certify Class. *Id.* at 2-3. Therefore, Plaintiff asks the Court to allow him to file his Reply one day late, and further asks the Court to allow him to engage in additional discovery if his Motion to Certify Class is denied. *Id.* at 3-4.

Defendants oppose Plaintiff's Motion to File Late Reply because Plaintiff received two extensions of time to file his Reply, giving him a total of 35 days to prepare it, and the parties were given ample time for discovery related to class certification. (Doc. 60 at

1-2). Defendants state they disclosed their anticipated defenses to Plaintiff in response to written discovery requests, and Plaintiff never objected to those responses. *Id.* at 2-3. Defendants argue they will be prejudiced if Plaintiff is permitted to file a late reply because Plaintiff raises new arguments in the reply and mischaracterizes the evidence and applicable law. *Id.* at 3. Defendants further state that, because Plaintiff essentially admits he does not have enough evidence to support his Motion to Certify Class at this time, "the proper procedure would be to deny Plaintiff's motion for class certification, let the parties proceed through discovery, and give Plaintiff another bite at the apple once discovery ends (if necessary)." *Id.* at 4.

In his reply to the Motion to File Late Reply, Plaintiff argues Defendants are not prejudiced by the late filing because the delay was very short, but Plaintiff would be prejudiced if the Court does not consider the reply. (Doc. 61 at 1-2). Plaintiff further contends that Defendants did not clearly raise their affirmative defenses in their discovery responses, so Plaintiff was "was caught off guard by the defenses" and was unable to conduct sufficient discovery. *Id.* at 2-3.

Whether to excuse a late filing is within a court's discretion, and untimely filings are generally allowed absent a showing of prejudice to opposing parties. *See Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. 2005) (allowing a party to file a brief approximately two months late). Defendants state they will be prejudiced by Plaintiff's late filing because Plaintiff raises new arguments and mischaracterizes the evidence and applicable law in the untimely reply. (Doc. 60 at 3). However, these alleged deficiencies are not due to Plaintiff's reply being filed one-day late, and the proper procedure to address new arguments raised in a reply is through a

motion to file a surreply. *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (explaining that the purpose of a surreply is to afford "the nonmoving party . . . an opportunity to respond to new material raised for the first time in the movant's reply"). Given the short delay and absence of prejudice to Defendants due to the delay, the Court will grant Plaintiff's Motion to File Late Reply.

Nevertheless, the Court finds it necessary to address Plaintiff's claims that he was not given fair notice of Defendants' defenses and did not have adequate time to conduct class certification discovery. Pursuant to Rules 12(b) and 12(f), Defendants filed a motion to dismiss in lieu of an answer to Plaintiff's Complaint. (Doc. 12). The Court ruled on Defendants' motion to dismiss on April 23, 2018, (Doc. 48), after which Defendants filed a timely Answer to the Complaint on May 7, 2018, in compliance with Rule 12(a)(4)(A). *See* Fed. R. Civ. P. 12(a)(4)(A) (explaining that a responsive pleading is due within 14 days of a court order denying a motion to dismiss). Therefore, Defendants did not delay in filing their Answer.

In addition, on August 25, 2017, the Chief Magistrate Judge entered a bifurcated scheduling order, setting a deadline of January 12, 2018, for discovery related to class certification and a deadline of February 12, 2018, for Plaintiff's motion for class certification. (Doc. 28). The Court granted two unopposed motions to extend these deadlines. (Docs. 44 and 46). During this discovery period, Plaintiff served multiple discovery requests on Defendants regarding potential defenses to the NMMWA and class certification under Rule 23, and Defendants responded to these questions at length. *See, e.g.,* (Doc. 61-1 at 10-12, 21-26, 32-37) (Plaintiff's Interrogatory Nos. 4, 10, 11, 12 and Requests for Production Nos. 1-5, and Defendants' responses). Plaintiff did

not object to the entry of a bifurcated scheduling order and has not moved to compel additional information from Defendants. Therefore, Plaintiff's statements that he did not have an opportunity to engage in class certification discovery is not supported by the record.

    C. _Plaintiff's Motion to Certify Class_

Plaintiff asks the Court to certify a class of Defendants' current and former employees who were paid on a salary plus bonus basis, worked in excess of 40 hours in at least one week in New Mexico over the last three years, and worked under the job titles of: Jr. Operator, Operator, Sr. Operator, Operator II, Jr. Engineer, Engineer, Sr. Engineer, TCP Engineer, Crane Operator, Driver, and Gun Builder/Loader. (Doc. 47 at 3, n.1). Plaintiff argues the class satisfies all four prongs of Rule 23(a) and the requirements of Rule 23(b)(3). _Id._ at 21-35.

In Response, Defendants contend the class does not satisfy any of the requirements of Rules 23(a) or 23(b)(3). (Doc. 53 at 6-24). Specifically, Defendants argue individual issues will predominate over common issues because Plaintiff's proposed class "will require an employee by employee inquiry to determine potential damages, potential liability periods, hours worked, hours worked in New Mexico, and the applicability of multiple exemptions from the overtime requirements." (Doc. 53 at 7-8). Defendants further argue a class action is not the superior method to adjudicate this lawsuit because it is not a negative value case, no other claimants have opted in or filed a similar action against Defendants in New Mexico, and individual issues will make the class action unmanageable. _Id._ at 19-21.

In his Reply, Plaintiff amends his potential class to employees who worked under the following job titles: "Operator, Junior Operator, Senior Operator, Engineer, Engineers in Training, Junior Engineer, or Crane Operators." (Doc. 58-1 at 3) (eliminating the positions of Operator II, Sr. Engineer, TCP Engineer, Drivers, and Gun Builder/Loaders; and adding Engineers in Training). Plaintiff maintains the proposed class satisfies Rule 23 because common evidence shows all class members should not have been classified as exempt employees under the NMMWA, and because individualized issues regarding damages, the statute of limitations, and record keeping, do not predominate to defeat class certification. *Id.* at 3-14. Plaintiff therefore asks the Court to grant his Motion to Certify Class or, in the alternative, deny the Motion without prejudice and allow Plaintiff to conduct additional discovery. *Id.* at 15.

1. *Rule 23(a)*

All classes must satisfy the prerequisites of Rule 23(a), which are:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These four requirements are often referenced as numerosity, commonality, typicality, and adequacy.

a. *Numerosity*

Rule 23(a)(1) requires that the class membership is sufficiently large to warrant a class action because the alternative of joinder is impracticable. Plaintiff states he has

satisfied the numerosity requirement because the class is between 100 and 200 members, and because the Court can take into consideration in an employment class action the employees' fear of retaliation. (Doc. 47 at 23). Plaintiff attaches to his Motion a "Preliminary List of Potential Class Members" with over 200 employees sorted by job title, and including locations worked, hire dates, dates moved to hourly work, and last dates of employment. (Doc. 47-6 at 1-9). Plaintiff also provides deposition testimony that Defendants based their employees' salaries on an expectation that the employees would work around 60 hours a week. (Doc. 47 at 19).

Defendants argue Plaintiff has not established that all of the potential class members have a valid claim under the NMMWA. (Doc. 53 at 21). While Defendants acknowledge the potential class members all performed at least some work at customer well sites located in New Mexico, Defendants argue that "the number of class members with valid claims remains unknown given that the number of actual hours worked in New Mexico, for each potential class member, remains unknown." *Id.* at 21. Therefore, Defendants contend Plaintiff has failed to establish this prerequisite by a preponderance of the evidence. *Id.* at 21-22. Plaintiff does not address the numerosity requirement in his Reply.

Some courts have held that numerosity may be presumed at a certain number; the Tenth Circuit, however, "has never adopted such a presumption." *Trevizo*, 455 F.3d at 1162. Instead, the Tenth Circuit has stated that there is "no set formula" to determine whether the numerosity requirement is met, and that it is a fact-specific inquiry best left to the district court's discretion. *Rex v. Owens ex rel. Okla.*, 585 F.2d 432, 436 (10th Cir. 1978). What matters is whether joinder would be impracticable, not whether the number

of proposed class members would cross some threshold. *See Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270, 275 (10th Cir. 1977) ("Impracticability is dependent not on any arbitrary limit but upon the circumstances surrounding the case."). Because of the fact-specific nature of the inquiry, the Tenth Circuit "grant[s] wide latitude to the district court in making this determination." *Trevizo*, 455 F.3d at 1162. Nevertheless, a plaintiff seeking class certification "must produce some evidence or otherwise establish by reasonable estimate the number of class members who may be involved." *Rex*, 585 F.2d at 436.

Here, Plaintiff lists over 200 employees who conducted at least some work in New Mexico and provides deposition testimony that Defendants based their employees' salaries on an expectation that the employees would work around 60 hours a week. (Doc. 47 at 19-22). While Defendants argue that Plaintiff has not established that these employees actually worked in excess of 40 hours in a week in New Mexico, the standard for meeting the numerosity requirement does not require such a showing. Instead, Plaintiff is required to produce "some evidence" or "establish by reasonable estimate" the number of class members. *Rex*, 585 F.2d at 437. Based on the evidence provided by Plaintiff, the Court finds the proposed class is sufficiently large. In addition, the Court finds that joinder of the proposed class members would be impracticable based on their geographical dispersion and Plaintiff's assertion that some class members may be reluctant to sue individually because they are currently employed by Defendants. *See Amezguita v. Dynasty Insulation, Inc.*, 2012 WL 12973895, at *4 (D.N.M. Feb. 23, 2012) (unpublished) (explaining that courts should consider the proposed class members' "geographical dispersion, degree of sophistication, and . . .

reluctance to sue individually, to determine whether joinder would be impracticable")
(citation omitted). Therefore, the Court finds that Plaintiff has met the numerosity
requirement of Rule 23(a)(1).

### b. *Commonality*

This factor assesses whether "there are questions of law or fact common to the
class." Fed. R. Civ. P. 23(a)(2). Prior to the United States Supreme Court's decision in
*Wal-Mart Stores*, Rule 23's commonality requirement could be satisfied if the plaintiff
was able to show generally that there were questions of law or fact common to the class
as a whole. *See, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997)
(explaining the commonality requirement requires only that a common question or
questions exist). In *Wal-Mart Stores*, however, the Supreme Court clarified that the
existence of a common question is not sufficient, and that a party seeking to certify a
class under Rule 23 must show the common question "is capable of classwide
resolution—which means that determination of its truth or falsity will resolve an issue
that is central to the validity of each one of the claims in one stroke." 564 U.S. at 348.
The Supreme Court further explained that "[w]hat matters to class certification . . . is not
the raising of common questions—even in droves—but, rather the capacity of a
classwide proceeding to generate common *answers* apt to drive the resolution of the
litigation." *Id.* (emphasis in original) ("Dissimilarities within the proposed class are what
have the potential to impede the generation of common answers.").

In the wake of *Wal-Mart Stores*, one court assessed: "The distinction between
the commonality requirement in Rule 23(a)(2) and the requirement in Rule 23(b)(3) that
common issues predominate over individual ones has become somewhat hazy since

the Supreme Court announced that the search for common questions under Rule 23(a)(2) really means the search for questions that can generate classwide answers." *Torres-Vallejo v. Creativexteriors, Inc.*, 220 F. Supp. 3d 1074, 1081 (D. Colo. 2016). In addition, in the context of lawsuits that challenge employment policies, courts considering whether a proposed class satisfies the commonality requirement must now examine whether the challenged policy is common to the class as a whole, and whether the proposed class members share similar job duties. *See Wal-Mart Stores*, 564 U.S. at 359 (finding that a nation-wide class of employees could not show commonality in a discrimination suit because the plaintiffs "provide no convincing proof of a companywide discriminatory pay and promotion policy" that is applicable to all class members); *Zuniga v. Bernalillo County*, 319 F.R.D. 640, 689-90 (D.N.M. 2016) (finding the commonality requirement was not met because the plaintiffs' discrimination claims were not based on a policy that was common to the class as a whole).

In this case, Plaintiff has articulated the following questions that are common to the proposed class members: (1) whether the class members were misclassified as exempt from NMMWA's overtime pay requirements; and (2) whether the class members worked over 40 hours in at least one workweek in New Mexico without overtime pay in the three years prior to Plaintiff filing his lawsuit. (Doc. 47 at 25-26). Plaintiff states that common evidence will be used to determine the answers to these questions, such as uniform training programs, standardized job descriptions, and standardized policies and procedures governing pay and the performance of job duties. *Id.*

Defendants, however, assert that the common questions cannot be resolved on a class-wide basis. (Doc. 53 at 22-23). Defendants argue that evidence regarding which

exemption applies to which class member will require an assessment of each class member's job duties. Specifically, Defendants contend the NMMWA's executive exemption will apply to certain engineers depending on whether they: were in charge of wireline crews on a well site; were the direct line of communication between the customer and the company; led safety meetings for their crews; disciplined crew members; handled complaints from crew members; or were responsible for ensuring all operations were carried out in compliance with applicable safety standards. *Id.* at 16. Defendants state this determination will require evidence of each engineer's day-to-day job duties. *Id.* at 16-17.

Similarly, Defendants argue certain operators and class members working under other job titles may fall under the NMMWA's administrative exemption depending on the employee's experience level and whether the employee had a commercial driver's license or was certified to handle explosives or hazardous materials. *Id.* at 17-18. Defendants also contend the piecework/flat-rate exemption will apply to some class members if they were paid a production bonus, and that this bonus was not uniform and will require an individualized assessment of each class member's pay. *Id.* at 18-19.

Defendants further argue that common evidence cannot be used to resolve the question of whether the class members worked more than 40 hours in a workweek in New Mexico. Defendants state that the proposed class members' working hours varied greatly depending on the geographic location of the oil and gas formations they were assigned to, their job title and experience, and the state of the oil and gas industry over time. *Id.* at 12. Therefore, Defendants contend that answering the question of whether the class members worked more than 40 hours in a workweek in New Mexico will

require an individualized assessment of evidence, such as daily driver's logs and job tickets for each employee. *Id.* 12-13.

In his Reply, Plaintiff maintains he can use evidence that is common to all class members to show that the NMMWA exemptions do not apply, such as Defendants' own admissions and records. (Doc. 58-1 at 3-4, 7-11). For example, Plaintiff contends Defendants' job descriptions for its managerial employees show these employees' duties leave "little room for anyone else to perform administrative or executive functions at the District level." *Id.* at 4. Plaintiff also argues common evidence shows the class members receive the same training and work in the same operational hierarchy. *Id.* at 5-6. Therefore, Plaintiff argues common evidence shows the class members do not fall under the NMMWA's administrative, executive, or piecework/flat-rate exemptions because they are production employees, did not exercise discretion, and were paid on a salary plus flat-rate basis. *Id.* at 7-11. In addition, Plaintiff asserts that an analysis of how many hours each class member worked in New Mexico can be accomplished using computer records, clerical assistance, and objective criteria, and will not require individual depositions or evidentiary hearings. *Id.* at 11.

For an employee to qualify for the NMMWA's executive exemption, he or she must: "(1) perform non-manual work related to the management of business as his primary duty; (2) exercise discretion; (3) regularly assist executive work or perform specialized work or assignments; and (4) perform less than 20 percent nonexempt work." *Rivera v. McCoy Corp.*, 240 F. Supp. 3d 1150, 1156 (D.N.M. 2017) (citing N.M. Admin. Code § 11.1.4.7(C)). The administrative exemption requires a finding that the employee's primary duty consisted of office or non-manual work related to management

policies or general business operations, and included work requiring the exercise of discretion and independent judgment. *See Gagnon v. Resource Tech., Inc.*, 19 Fed. Appx. 745, 747-48 (10th Cir. 2001) (unpublished) (applying the FLSA's definition of administrative exemption to the plaintiff's NMMWA claim). The piecework or flat-rate exemption applies to employees who are "compensated by the job," and does not apply to employees who are paid on both a salary and flat-rate basis. *Olivo v. Crawford Chevrolet, Inc.*, 799 F. Supp. 2d 1237, 1242 (D.N.M. 2011).

Plaintiff argues he can use common evidence to show that none of these exemptions apply to the proposed class, such job descriptions, training programs, and the hierarchy of Defendants' management positions. However, courts considering whether employees are exempt from the NMMWA's overtime pay requirements have found it necessary to conduct fact-specific inquiries regarding each employee's specific job duties. For example, to determine whether an employee was properly classified under the NMMWA's executive exemption, the court in *Rivera* considered evidence such as: how much time the employee spent performing manual tasks that were not management-related; how often the employee was in charge of the business; and whether the employee scheduled or directed employee work, trained employees, or ordered inventory. 240 F. Supp. 3d at 1157. Similarly, in *Gagnon*, in deciding whether the administrative exemption was properly applied, the court looked at the plaintiff's day-to-day job duties to see whether she spent more than fifty percent of her time in administrative functions. 19 Fed. Appx. at 748-49.

Moreover, several courts in this district have denied motions to certify a class under Rule 23 because allegations of NMMWA violations could not be resolved using

common evidence. In *Casias v. Dist. Mngmnt. Corp., Inc.*, 2014 WL 12710236, at *16 (D.N.M. March 31, 2014) (unpublished), the court found that individualized assessments were necessary to determine whether the NMMWA's piecework/flat-rate exemption applied to the proposed class members. The court explained that "this case does not lend itself to common proof" because the court "must examine the individual circumstances of each putative class member and determine how each member, in actuality, interacted with [the company]." *Id.* at *18. Therefore, the court denied the plaintiffs' motion to certify under Rule 23. *Id.*

In addition, in *Nez v. Southwest Glass and Glazing, Inc.*, 2016 WL 10516171, *6-7 (D.N.M. Dec. 22, 2016) (unpublished), the court found that the question of whether the defendant paid overtime wages in compliance with the NMMWA "cannot be resolved on a class-wide basis" because the court will have to consider each class member's daily job duties, and because the plaintiffs "have not submitted evidence to support the existence of a class-wide policy of systemically failing to record time worked." Similarly, in *Bustillos v. Bd. of Cty. Comm'rs of Hidalgo Cty*, 31 F.R.D. 631, 672 (D.N.M. 2015), the court found that determination of the number of hours the proposed class members were not properly compensated under the NMMWA would require individual assessments and significant testimony. Therefore, the court found that "individual damages calculations have the potential to predominate over the liability issue," and declined to certify the class under Rule 23(b)(3). *See also Hendricks v. Total Quality Logistics, LLC, et al.*, 292 F.R.D. 529, 541 (S.D. Ohio 2013) (finding no commonality for Rule 23 class certification where the FLSA's administrative, executive, and highly-compensated employee exemptions were at issue because each exemption requires

different facts to be proved rendering it "impossible for the Court to resolve the exemption defenses in one stroke").

These cases demonstrate that an individualized assessment of the proposed class members' day-to-day job duties will be necessary to determine whether Defendants properly applied the NMMWA's exemptions. Plaintiff seeks certification of a class of employees that encompasses seven different job titles, and Defendants claim they applied three different NMMWA exemptions to the class members. Plaintiff does not provide evidence of company-wide policies regarding employee classification or overtime pay. Moreover, the job descriptions provided by Plaintiff do not establish that the class members had similar job duties. *See, e.g.,* (Doc. 53-3 at 8-15) (chart of proposed class members' job descriptions and duties, demonstrating a wide variety of experience, training, and required skills). Therefore, because determining whether the NMMWA exemptions apply will involve fact-specific inquiries regarding the employees' specific job duties, the Court finds that Plaintiff has not satisfied his burden of showing this question is capable of class-wide resolution.

In addition, to answer the question of whether the class members worked in excess of 40 hours in a workweek in New Mexico, Defendants argue the Court will have to consider individual evidence such as driver's logs and job tickets. (Doc. 53 at 10). For employees who did not memorialize their arrival/departure times, written discovery and individualized testimony may also be necessary to determine the number of hours worked in New Mexico. *Id.* at 11. In *Bustillos*, the court considered whether the proposed class members were properly compensated under the NMMWA. 31 F.R.D. at 671-72. The court explained that "if employees failed to record pre-shift or post-shift

time, this determination will be subject to speculation and individual accounts." *Id.* at

671. Therefore, the court found that the proposed class presented questions requiring

individual assessments and significant testimony and declined to certify the class under

Rule 23(b)(3). *Id.* at 672. The Court finds no difference in this case, wherein calculating

the number of hours each class member worked in New Mexico may require evaluation

of individual driver logs and job tickets and cannot be accomplished using common

evidence.

Based on the foregoing, the Court finds that resolving the questions of whether

the class members are exempt from the NMMWA's overtime pay requirement, and

whether they worked in excess of 40 hours in a workweek in New Mexico, would require

the Court to make individualized determinations. As such, the common questions

presented in this case are not capable of class-wide resolution, so the proposed class

does not satisfy the commonality requirement. *See Callari v. Blackman Plumbing*

*Supply, Inc.*, 307 F.R.D. 67, 76-77 (E.D.N.Y. 2015) (finding Rule 23's commonality

requirement was not met where the plaintiff had no evidence of company-wide policies

regarding employee classification or overtime, or that all proposed class members were

classified as exempt under the same provisions of the New York Labor Law, and only

had anecdotal evidence that some of the class members worked more than forty hours

per week).

### c. Typicality, Adequacy, and Rule 23(b)(3)

For the same reasons Plaintiff does not satisfy Rule 23(a)'s commonality

requirement, he also cannot meet the rule's typicality or adequacy requirements. Rule

23(a)(3) requires that "the claims or defenses of the representative parties are typical of

the claims or defenses of the class." Rule 23(a)(4) provides that the proposed class representative must adequately represent the class, which requires the Court to determine whether the named plaintiffs and their counsel: (1) have any conflicts with other class members; and (2) will vigorously prosecute the action on behalf of the class. *See Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187-88 (10th Cir. 2002). Because Plaintiff's job title and duties differ from many of the proposed class members, his claims and defenses are not typical of the class and they may be in conflict with those of other class members. *See Wal-Mart Stores,* 564 U.S. at 349, n.5 (explaining that the commonality, typicality, and adequacy-of-representation requirements under Rule 23(a) "tend to merge," with the commonality and typicality criteria serving "as guideposts for determining whether . . . the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence").

Additionally, the Court finds that the proposed class does not satisfy the requirements of Rule 23(b)(3), which requires a showing that "questions of law or fact common to putative class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Since Plaintiff has not established that the proposed class meets Rule 23(a)'s commonality or typicality requirements, the class cannot meet the more demanding requirements of Rule 23(b)(3). *See Amchem*, 521 U.S. at 609 ("Rule 23(a)(2)'s 'commonality requirement' is subsumed under, or superseded by, the more stringent Rule 23(b)(3) requirement that questions common to the class 'predominate over' other questions.");

*Callari*, 307 F.R.D. at 80 (explaining that, because the court previously found the plaintiff failed to meet the Rule 23(a) commonality and typicality requirements, "it follows that the proposed class also fails to meet the more demanding requirements of Rule 23(b)(3)").

### D. *Plaintiff's Notice of Supplemental Authority*

Finally, the Court addresses Plaintiff's *Notice of Supplemental Authority*, (Doc. 63), filed November 1, 2018, in which Plaintiff states that he became aware of additional authority after he filed his Reply in support of his Motion to Certify Class. Plaintiff attaches an email from the New Mexico Department of Workforce Solutions that Plaintiff's counsel received on November 30, 2017; an FLSA regulation that was last amended in 1970; and a 1981 opinion letter by the Department of Labor regarding FLSA regulations. (Doc. 63-1, 63-2, and 63-3). Plaintiff states these authorities "cast doubt" on Defendants' contentions that the NMMWA only applies to employees who worked in excess of 40 hours in a given workweek in New Mexico. (Doc. 63 at 1).

Local Rule 7.8 permits a party to file a notice of supplemental authority if "pertinent and significant authorities" come to the party's attention after the party's brief has been filed but before the Court has entered a decision. Plaintiff does not explain why he only became aware of these authorities after his Motion to Certify Class was briefed even though they were available to Plaintiff prior to any briefing. Regardless, the 2017 email opines on the applicability of the NMMWA in the context of minimum wage and does not address the overtime provisions of the NMMWA which are at issue in this case. In addition, the FLSA authority is not controlling as to the NMMWA questions

raised in the Motion to Certify Class. Therefore, Plaintiff's supplemental authorities do not affect the Court's decision.

## IV. Conclusion

For the reasons stated above, the Court finds that Plaintiff has not satisfied the requirements for Rule 23 for certification of the proposed class. If Plaintiff is able to present evidence demonstrating that a narrower class of employees meets the requirements for Rule 23 class certification, the Court may reconsider its decision. *See* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment").

**IT IS THEREFORE ORDERED** that *Defendants' Motion to Strike Part of Plaintiff's Motion in Support of Rule 23 Class Certification*, (Doc. 52), is **GRANTED IN PART**; Plaintiff's *Opposed Motion for Leave to File 1-Day Late Reply in Support of Class Certification*, (Doc. 58), is **GRANTED**; and Plaintiff's *Motion in Support of Rule 23 Class Certification*, (Doc. 47), is **DENIED**.

**IT IS SO ORDERED.**

_____
THE HONORABLE JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE